# IN THE COURT OF APPEALS OF IOWA

No. 18-1165
Filed September 12, 2018

**IN THE INTEREST OF L.B.,**
**Minor Child,**

**J.R., Father,**
        Appellant.
_____


Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.


A father appeals from the dispositional order entered in an assistance proceeding under Iowa Code chapter 232 (2018).  **AFFIRMED.**


Martha L. Cox, Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Marsha J. Arnold, Davenport, guardian ad litem for minor child.


Considered by Potterfield, P.J., and Bower and McDonald, JJ.  Tabor, J., takes no part.

**McDONALD, Judge.**

Johnathon appeals from the dispositional order entered in this child-in-need-of-assistance proceeding arising under Iowa Code chapter 232 (2018). The dispositional order placed the child at issue in the custody of the Iowa Department of Human Services ("IDHS") for placement in family foster care. Johnathon contends the juvenile court should have placed the child in the custody of Johnathon's mother, the child's paternal grandmother, who is a licensed foster-care provider.

We review child-in-need-of-assistance proceedings de novo. *See In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). We examine both the facts and law, and we "adjudicate [anew] those issues properly preserved and presented." *See In re L.G.*, 532 N.W.2d 478, 480 (Iowa Ct. App. 1995). "Although our review is de novo, we afford deference to the district court for institutional and pragmatic reasons." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017).

Following a dispositional hearing, Iowa courts are required to "make the least restrictive disposition appropriate considering all the circumstances of the case." Iowa Code § 232.99(4). "The dispositions which may be entered . . . are listed in sections 232.100 to 232.102 in order from least to most restrictive." Iowa Code § 232.99(4). Suspending judgment is the least restrictive alternative. *See* Iowa Code § 232.100. "[W]hen there is a suspended judgment, the child remains with the parent." *See State v. Iowa Dist. Ct.*, 828 N.W.2d 607, 615 (Iowa 2013). Transfer of legal custody and placement away from the parent is the most restrictive. *See* Iowa Code § 232.102. Our court has concluded that, until the parent can establish the ability to parent the child safely, the least restrictive

disposition is for the child to be placed with others. *See In re L.F.*, No. 13-1409, 2013 WL 5949653, at *4–5 (Iowa Ct. App. Nov. 6, 2013) (affirming dispositional order placing child outside home where evidence established child abuse, mother undoubtedly lied about the child abuse, and mother recruited child's sibling to take responsibility for injury); *In re J.C.*, No. 13-0597, 2013 WL 3291867, at *3 (Iowa Ct. App. June 26, 2013) (affirming dispositional order placing child with another where mother failed to demonstrate the ability to safely care for the child); *In re M.O.*, No. 06-0405, 2006 WL 1280481, at *2 (Iowa Ct. App. May 10, 2006) (affirming juvenile court order of continued placement with another where mother had substantially addressed mental-health and parenting issues but she had not yet completed all remedial services intended to improve her parenting skills).

Johnathon contends the juvenile court should have placed the child in the custody of his mother. On de novo review, we disagree. The mother was a less preferable custodian for the child when compared with IDHS because of the risk she might allow the child to have future unsupervised contact with the father. At the time of the dispositional hearing, Johnathon was incarcerated and unable to care for the child at issue. This is a recurrent issue for Johnathon. He has nine children, but he has been unable to care for his children due to his frequent periods of incarceration arising from his numerous criminal convictions, including convictions for crimes of violence. Johnathon has had his rights terminated with respect to several of those children due to the risk of harm he poses to his children. *See In re E.B.*, No. 18-0486, 2018 WL 2727843, at *1 (Iowa Ct. App. June 6, 2018) (affirming termination of father's parental rights); *In re C.R.*, No. 18-0592, 2018 WL 2725411, at *1 (Iowa Ct. App. June 6, 2018) (same). Granting IDHS custody of

the child for placement in foster care would allow the child at issue to be distanced from the paternal family. This distance would alleviate the potential risk of harm caused by continued association with the father in an unsupervised setting in the event the father is released from prison. *See In re L.S.*, 483 N.W.2d 836, 840 (Iowa 1992) ("It is in the children's best interests to remove them from the detrimental influence of their parents and provide a custodian who is free from the assertion by the parents of their legal rights.").

To the extent Johnathon is challenging only the physical placement of the child and not the custodial decision, his challenge fails. Once the juvenile court selected IDHS to serve as the child's custodian, it was not the juvenile court's place to select the particular physical placement of the child. Instead, IDHS, as legal custodian of the child, was vested with the authority to select the particular foster care placement subject to the juvenile court's review. *See* Iowa Code § 232.2(11)(b)(1) (providing the custodian has the right to "maintain or transfer to another the physical possession of that child"). Even if the juvenile court could have directed the particular placement of the child at issue, the physical placement was in the best interest of the child. Here, IDHS placed the child in a proven foster home with the child's sibling and half-sibling. There is a preference for continued sibling contact. *See* Iowa Code § 232.108. In contrast, Johnathon has not identified any benefit to the child of placing the child in the physical care of Johnathon's mother.

Under the circumstances of this case, for these reasons, we affirm the juvenile court's dispositional order.

**AFFIRMED.**